FILED

February 19 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0276

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 42N

IN RE MARRIAGE OF:
JEFFERY D. BAIN,

   Petitioner and Appellant,

 v.

WILHELMINA J. BAIN,

   Respondent and Appellee,

 and

TRAVIS BAIN,

   Appellant and Intervenor.

APPEAL FROM: District Court of the Seventh Judicial District,
       In and For the County of Dawson, Cause No. DR 08-043
       Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Albert R. Batterman, Attorney at Law, Baker, Montana

   For Appellee:

      Peter O. Maltese, Attorney at Law, Sidney, Montana

          Submitted on Briefs: January 9, 2013
              Decided: February 19, 2013

Filed:

      _____
            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Jeffery Bain appeals from the District Court's Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage filed October 6, 2011, and the Order Amending Findings of Fact filed April 12, 2012. We affirm.

¶3	The parties were married in 1989 and separated in 2008. Prior to separation the parties operated a trucking company. Major issues in the property division arose from valuation of the assets and liabilities of that enterprise, and from the respective ownership interests of Jeffery, Wilhelmina and their son Travis, who intervened as a party in the divorce action. The District Court conducted a bench trial in July 2011 and issued findings of fact, conclusions of law and an order in October, 2011. Wilhelmina moved to alter or amend, in April 2012, and the District Court entered an order amending its findings and order. Jeffery argues that the District Court's division of the marital assets is not supported by substantial evidence; that the Court's conclusions of law are clearly erroneous; and that the Court abused its discretion by accepting medical expense evidence from Wilhelmina.

¶4	A district court's division of marital property is governed by § 40-4-202, MCA, which requires consideration of all relevant factors to "equitably apportion" the property between the parties. *Arnold v. Sullivan*, 2010 MT 30, ¶ 23, 355 Mont. 177, 226 P.3d 594. This Court

reviews a district court's findings of fact regarding the division of marital assets to determine whether the decision is clearly erroneous. A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the evidence convinces us that the district court made a mistake. *In re Marriage of Tummarello*, 2012 MT 18, ¶ 21, 363 Mont. 387, 270 P.3d 28. If the factual findings are not clearly erroneous, we will reverse the district court's decision if there has been an abuse of discretion; which occurs when the district court acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason, resulting in a substantial injustice. *In re Marriage of Jackson*, 2008 MT 25, ¶ 9, 341 Mont. 227, 177 P.3d 474.

¶5      Here the District Court conducted a bench trial, and received hundreds of pages of exhibits along with the briefs of the parties prior to issuing its findings of fact and conclusions of law. The District Court specifically found: "Complicating this case is the absence of any expert testimony in the form of accountants and appraisers. The Court is limited to witnesses who generally do not agree and exhibits which often do not support the testimony." Nonetheless, the District Court allocated the trucking business, its assets and its indebtedness to Jeffery because he "is the experienced trucker and he has had sole control over the trucking assets for the past three years, and he has incurred any indebtedness that is associated with that business. . . ."

¶6      The District Court considered further arguments and evidence upon Wilhelmina's motion to alter or amend, and issued amended findings. The District Court noted that Jeffery raised the issue of a $30,000 tax liability for the first time post-trial, resulting from amended

3

tax returns that Jeffery filed. This liability arose from the trucking company, covered tax years after the parties separated, and "is being assumed by Jeffery." The amended findings increased Jeffery's debt and reduced Wilhelmina's debt, resulting in a determination that there should be a $50,000 equalization payment to her, reduced from $90,000 as initially ordered. While there was conflicting evidence, the District Court achieved as equitable a division of the parties' complicated assets and liabilities as was possible under the circumstances. Jeffery has not established that the District Court's findings of fact are clearly erroneous or that its conclusions of law are an abuse of discretion.

¶7     The District Court's findings of fact are supported by substantial evidence and there was not an abuse of discretion. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.

¶8     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

4